J-S10022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW GIBSON | : | |
| | : | |
| Appellant | : | No. 602 MDA 2021 |

Appeal from the Judgment of Sentence Entered March 23, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0005146-2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

CONCURRING MEMORANDUM BY COLINS, J.:   **FILED:  AUGUST 29, 2022**

I concur with the Majority's disposition of Appellant's challenges to the admission of his after-the-fact statement to a witness, the sufficiency of the evidence, and the legality of the no-contact order condition of his sentence.  I write separately because, even though no challenge has been raised concerning the discretionary aspects of Appellant's sentence, I feel compelled to note that the prison term imposed in this case is substantial for an assault consisting of one punch.

I am cognizant, based on my review of the certified record, that the sentence here appears to be within the standard range recommended by our Sentencing Guidelines.  At the same time, I am troubled that one punch – even one thrown at a victim in a defenseless position, and which caused

---

[*] Retired Senior Judge assigned to the Superior Court.

serious bodily injury – would merit a prison term befitting intentional acts that would cause the same result or other reckless acts that result in a homicide.

I agree that the evidence overwhelmingly sustains an aggravated assault conviction involving the infliction of serious bodily injury and acknowledge that Appellant's sentence is based on a high prior record score, but I believe the sentence here highlights a circumstance where the Sentencing Guidelines produce an inequitable recommendation. By setting an offense gravity score of eleven for all aggravated assault convictions under 18 Pa.C.S. § 2701(a)(1) involving the infliction of serious bodily injury, I believe the Sentencing Guidelines unevenly treat a wide array of criminal acts, involving varying levels of culpability and mental states, as the same for sentencing purposes. A callous sucker punch consisting of extremely reckless conduct should be treated differently, for sentencing purposes, from an intentional armed assault that produces the same result.

I am unable to opine on whether the sentence in this case constitutes an abuse of discretion in the absence of a sentencing transcript, and an opinion on that matter would be *obiter dictum* in the absence of a discretionary sentencing claim at issue. In any event, fundamental fairness dictates that I point out that the Sentencing Guidelines lack appropriate nuance when they are applied to aggravated assaults like the one committed by Appellant.